NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0155

IN THE MATTER OF THE INTERDICTION
OF SARA MALONE DUNHAM

*Judgment Rendered:* SEP 2 1 2023

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. P110409

The Honorable Wilson E. Fields, Judge Presiding

* * * * * * * *

Jeffrey G. Rice
Baton Rouge, Louisiana

Counsel for Appellant
Cody E. Dunham

Jill L. Craft
W. Brett Conrad, Jr.
Baton Rouge, Louisiana

Counsel for Appellee
Sara Malone Dunham

* * * * * * * *

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

**THERIOT, J.**

This appeal arises from a judgment in an interdiction proceeding sustaining the defendant's exception of no right of action and dismissing the suit. For the reasons set forth herein, we reverse.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Cody E. Dunham, filed a petition for interdiction of his grandmother, Sara Malone Dunham, on October 7, 2021. In addition to seeking a judgment of full interdiction, Cody's petition suggested that he be appointed as curator over Mrs. Dunham's person and property.

Mrs. Dunham answered the petition, denying that she was in need of interdiction and raising exceptions of no cause of action and no right of action. After a hearing on the exception of no cause of action, the trial court sustained Mrs. Dunham's exception of no cause of action and gave Cody fifteen days to file a supplemental and amending petition in order to state a cause of action or his suit would be dismissed. The trial court deferred the hearing on Mrs. Dunham's exception of no right of action to the date of the trial on the merits of the interdiction.

Cody filed a supplemental and amending petition on June 7, 2022, in which he included additional allegations regarding the necessity of a full interdiction and an alternative request for a limited interdiction over Mrs. Dunham's property. Mrs. Dunham's answer to the supplemental and amending petition again denied that interdiction was warranted and re-urged the exceptions of no cause of action and no right of action.

On August 3, 2022, the trial court held a hearing on Mrs. Dunham's exception of no right of action. In support of her exception, Mrs. Dunham filed into evidence a "Financial Power of Attorney" and a "Healthcare Power of Attorney," both executed on August 27, 2019, appointing Kara L. Dunham, Mrs.

Dunham's adult daughter, as her agent and authorizing Kara to act on her behalf. Kara also testified at the hearing on the exception of no right of action on Mrs. Dunham's behalf. At the conclusion of the hearing, the trial court sustained Mrs. Dunham's exception of no right of action on the grounds that Cody's petition failed to satisfy the requirements of La. C.C.P. art. 4541(A)(11), which requires the petitioner in an interdiction proceeding to describe with particularity his effort to use less restrictive means before seeking interdiction, including the less restrictive means for meeting the defendant's needs that were considered or implemented, and if less restrictive means were not considered or implemented, the reason that the less restrictive means were not considered or implemented. The trial court signed a judgment on November 8, 2022, sustaining Mrs. Dunham's exception of no right of action and dismissing the interdiction proceeding, and Cody appealed.

## DISCUSSION

On appeal, Cody argues that the trial court erred in finding that he did not have a right of action to bring the interdiction proceeding and in failing to allow him an opportunity to amend his petition to remove the grounds for the objection. Mrs. Dunham maintains that the trial court did not err in sustaining her exception of no right of action and dismissing the petition for interdiction because, pursuant to La. C.C.P. art. 4541(A)(11) and La. C.C. art. 389, a "showing [that] Mrs. Dunham's interests could not be protected by less restrictive means [than interdiction] ... is required before anyone possesses a right of action to involuntarily interdict another." She also asserts that Cody has no right of action because she does not suffer from an infirmity and there is no evidence she is consistently unable to make reasoned decisions regarding the care of her person and property or to communicate those decisions.

The function of an objection of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of

3

action asserted. *Foster v. Bias*, 2022-0329, p. 11 (La.App. 1 Cir. 12/22/22), 358 So.3d 520, 531-32, *writ denied*, 2023-00090 (La. 3/28/23), 358 So.3d 503. The objection assumes that the cause of action asserted is valid and tests whether the plaintiff has an interest in judicially enforcing it. The question is simply whether the plaintiff has a right to sue the defendant to enforce the claim. *Id.*

The party raising the objection of no right of action bears the burden of proof. *Foster*, 2022-0329 at p. 11, 358 So.3d at 532. At the hearing, the exception may be submitted on the pleadings, or evidence may be introduced either in support of or to controvert the objection raised when the grounds thereof do not appear from the petition. La. C.C.P. art. 931; *Eagle Pipe and Supply, Inc. v. Amerada Hess Corporation*, 2010-2267, p. 6 (La. 10/25/11), 79 So.3d 246, 255. The standard of appellate review for the peremptory exception raising the objection of no right of action is de novo. *Foster*, 2022-0329 at p. 11, 358 So.3d at 532. "An appellate court considering an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." *Rebel Distributors Corp., Inc. v. LUBA Workers' Comp.*, 2013-0749, p. 10 (La. 10/15/13), 144 So.3d 825, 833. Where doubt exists as to the appropriateness of an exception of no right of action, this Court must resolve that doubt in favor of finding a right of action. *Louisiana Environmental Action Network, Inc. v. Brown*, 2019-0607, p. 7 (La.App. 1 Cir. 1/9/20), 294 So.3d 1066, 1071, *writ denied*, 2020-00246 (La. 4/27/20), 295 So.3d 950.

A court may order the full interdiction of a natural person of the age of majority, or an emancipated minor, who due to an infirmity, is unable consistently to make reasoned decisions regarding the care of his person and property, or to communicate those decisions, and whose interests cannot be protected by less

4

restrictive means. La. C.C. art. 389. Louisiana Code of Civil Procedure article 4541, which sets forth the required elements of a petition for interdiction, provides:

A. Any person may petition for the interdiction of a natural person of the age of majority or an emancipated minor. The petitioner shall verify the petition and, to the extent known, shall set forth the following with particularity:

(1) The name, domicile, age, and current address of the petitioner and his relationship to the defendant.

(2) The name, domicile, age, and current address of the defendant and the place the petitioner proposes the defendant will reside if the relief sought in the petition is awarded.

(3) The reasons why interdiction is necessary, including a brief description of the nature and extent of the alleged infirmities of the defendant.

(4) If full interdiction is requested, the reasons why limited interdiction is inappropriate.

(5) If limited interdiction is requested, the capacity sought to be removed from the limited interdict, and the powers sought to be conferred upon the limited curator.

(6) The name and address of the spouse of the defendant.

(7) The name and address of the adult children of the defendant or, if he has none, of his parents and siblings or, if he has none, of his nearest adult relative.

(8) The name and address of any legal representative of the defendant.

(9) The name and address of any person previously designated as curator by the defendant in a writing signed by the defendant.

(10) The name, domicile, age, education, and current address of the proposed curator, and the reasons why the proposed curator should be appointed.

(11) A description with particularity of the petitioner's efforts to use less restrictive means before seeking interdiction, including all of the following:

(a) The less restrictive means for meeting the defendant's needs that were considered or implemented.

(b) If a less restrictive means was not considered or implemented, the reason that the less restrictive means was not considered or implemented.

(c) The reason a less restrictive means is insufficient to meet the needs of the defendant.

B. The petitioner shall make a reasonable effort to obtain the information required by this Article.

Article 4541(A) is clear that "[a]ny person" may file a petition for interdiction. See 1A La. Civ. L. Treatise, Civ. Proc. - Special Proceed. § 7.1. It is a well-established principle of statutory construction that, absent clear evidence of a contrary legislative intention, a statute should be interpreted according to its plain language. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9; *Derbonne v. State Police Comm'n*, 2019-1455, p. 15 (La.App. 1 Cir. 10/14/20), 314 So.3d 861, 872, *writ denied*, 2020-01323 (La. 2/17/21), 310 So.3d 1152. Thus, Cody clearly belongs to the class of persons to whom the law grants the cause of action asserted, i.e., "[a]ny person." Mrs. Dunham's arguments in support of her assertion that Cody does not have a right of action to bring the petition for interdiction pertain to the merits of the interdiction proceeding, which was not before the court on the exception of no right of action. The exception of no right of action was improperly granted and is reversed.

**DECREE**

The November 8, 2022 judgment sustaining the exception of no right of action and dismissing the petition for interdiction is reversed. Costs of this appeal are assessed to appellee, Sara Malone Dunham.

**REVERSED.**